| Case No. | LA CV20-02875 JAK<br>LA CR16-00808-JAK (1) | | Date | April 7, 2020 |
|---|---|---|---|---|
| Title | Salvador Arteaga Aragon v. United States of America | | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Cheryl Wynn | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 (DKT. 1)**

## I. Introduction

On January 12, 2018, a jury convicted Salvador Arteaga Aragon ("Petitioner") of the following counts:

1. Conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A); and
2. Distribution of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii).

CR Dkt. 91 (minutes);[1] CR Dkt. 94 (sealed verdict form); CR Dkt. 95 (redacted verdict form).

On July 23, 2018, a judgment and probation/commitment order issued. CR Dkt. 174. The order committed Petitioner to the custody of the Bureau of Prisons for a term of 121 months. *Id.*

On March 27, 2020, Salvador Arteaga Aragon ("Petitioner") filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 ("Motion"). CV Dkt. 1.

For the reasons stated in this Order, the Motion is **DENIED.** Because this Order does not address the merits of the matters presented in the Motion, any future motion by the Petitioner pursuant to 28 U.S.C. § 2255 will not be deemed a "second or successive motion." *Green v. White*, 223 F.3d 1001, 1002 (9th Cir. 2000) (citing *Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000)).

## II. Analysis

### A. Legal Standards

A district court may not adjudicate a 28 U.S.C. § 2255 motion until direct appeals are exhausted. This includes the time period for a criminal defendant to file a petition for a writ of certiorari, and the time period for the Supreme Court to evaluate and act upon the petition, as well as any subsequent

---

[1] "CR" refers to the record in *United States v. Salvador Arteaga Aragon, et al.*, No, 2:16-CR-00808-JAK, and is followed by the docket entry and, if applicable, the page number. "CV" refers to the record in this civil action, and is followed by the docket entry and, if applicable, the page number.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-02875 JAK<br>LA CR16-00808-JAK (1) | Date | April 7, 2020 |
|---|---|---|---|
| Title | Salvador Arteaga Aragon v. United States of America | | |

proceedings. *United States v. LaFromboise*, 427 F.3d 680, 683, 685-86 (9th Cir. 2005) (citing *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987); *United States v. Pirro*, 104 F.3d 297, 298 (9th Cir. 1997)). The Ninth Circuit has observed that "[t]here is some dispute whether this rule reflects a jurisdictional bar or simply a prudential concern." *LaFromboise*, 427 F.3d at 686 n.9. Although the Ninth Circuit has not resolved this question, it has suggested that, if the rule were treated as prudential, a petitioner would have to show that "extraordinary circumstances" justify the consideration of a Section 2255 motion despite a pending direct appeal. *Id.*; see *Thorson v. United States*, No. C18-136 RSM, 2018 WL 1737964, at *2 (W.D. Wash. Apr. 11, 2018) (collecting cases and concluding that the rule is prudential).

The Advisory Committee to the Rules Governing § 2255 Proceedings in the District Courts, whose comments are persuasive but not binding, provides that "there is no jurisdictional bar to the District Court's entertaining a Section 2255 motion during the pendency of a direct appeal but that the orderly administration of criminal law precludes considering such a motion absent extraordinary circumstances." Rules Governing § 2255 Proceedings in the District Courts, Rule 5, Adv. Comm. Notes (quoting *Womack v. United States*, 395 F.2d 630, 631 (D.C. Cir. 1968)).

The Ninth Circuit has not precisely defined extraordinary circumstances. *See, e.g.*, *LaFromboise*, 427 F.3d at 686 n.9; *United States v. Reclusado*, 189 F.3d 476, 1999 WL 556455, at *1 (9th Cir. July 29, 1999) (unpublished table disposition). However, it has stated that such circumstances must "outweigh the considerations of administrative convenience and judicial economy." *United States v. Taylor*, 648 F.2d 565, 572 (9th Cir. 1981) (collecting cases), *reh'g and reh'g en banc denied, and cert. denied*, 454 U.S. 866. Other circuit courts have addressed this question by considering factors including the need for speedy relief, the need to conserve judicial resources, whether a Section 2255 motion raises matters that are presented in the direct appeal, and whether the direct appeal could moot the Section 2255 motion. *See, e.g.*, *United States v. Gordon*, 634 F.2d 638, 638 (1st Cir. 1980); *United States v. Ford*, 215 Fed. Appx. 167, 169 (3d Cir. 2007) (unpublished) (per curiam); *United States v. Davis*, 604 F.2d 474, 485 (7th Cir. 1979); *United States v. Prows*, 448 F.3d 1223, 1229 (10th Cir. 2006).

  B. Application

Petitioner appealed the judgment in the underlying criminal action to the Ninth Circuit. The Ninth Circuit affirmed. Order, *United States v. Salvador Arteaga Aragon*, No. 18-50248 (9th Cir. Mar. 5, 2020).[2] Petitioner has filed a petition for a writ of certiorari. Petition for a Writ of Certiorari, *Salvador Arteaga Aragon v. United States*, No. 19-8106 (U.S. Mar. 18, 2020). Therefore, available appeals have not been exhausted.

Assuming, *arguendo*, that the rule against considering the Motion is prudential and not jurisdictional, Petitioner would have to show that there are extraordinary circumstances that warrant consideration on the merits. None has been shown. Although the Motion relies on arguments about the ineffective assistance of counsel that may not be raised on a direct appeal, *United States v. Ross*, 206 F.3d 896 (9th Cir. 2000), the direct appeal might nevertheless moot the Motion in whole or in part depending on the outcome of the determination of the petition for certiorari, and any subsequent merits proceedings.

---

[2] Also, before a final judgment entered, Petitioner filed an interlocutory appeal that the Ninth Circuit dismissed as improper. Dkt. 149, Order, *United States v. Salvador Arteaga Aragon*, No. 18-50034 (9th Cir. May 21, 2018). This interlocutory appeal is irrelevant to the analysis in this Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-02875 JAK<br>LA CR16-00808-JAK (1) | Date | April 7, 2020 |
|---|---|---|---|
| Title | Salvador Arteaga Aragon v. United States of America | | |

There is no showing that Petitioner's need for timely relief is any different from what is present for others in custody who seek habeas relief. There is a strong, countervailing public interest in conserving judicial resources and allowing for the orderly conclusion of Petitioner's direct appeal without parallel habeas proceedings.

\* \* \*

For the foregoing reasons, the Motion is **DENIED.** However, because this is not a determination of the substantive merits of the issues presented through the Motion, if a future one is brought pursuant to 28 U.S.C. § 2255, it will not, as noted, be deemed a "second or successive motion." *Green*, 223 F.3d at 1002 (citing *Slack*, 529 U.S. at 485-86).

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | cw |